Rachel J. KAPLAN, Debtor.

Francis Lafayette, Appellant,

v.

Rachel J. Kaplan, Appellee.

BAP No. MW 07–045.
Bankruptcy No. 06–41771–JBR.

United States Bankruptcy Appellate Panel
for the First Circuit.

Aug. 14, 2007.

James P. Ehrhard, Kressler & Ehrhard,
P.C., Worcester, MA, for debtor.

Richard King, Assistant U.S. Trustee, Office of U.S. Trustee, Worcester, MA.

Denise M. Pappalardo, Worcester, MA, trustee.

## ORDER DENYING MOTION FOR STAY

KORNREICH, Bankruptcy Judge.

The Appellant has filed a motion for stay of the order on appeal. The motion is **DENIED** as untimely.

### BACKGROUND

The Appellant represented the Debtor in her chapter 13 case. The Debtor subsequently moved to dismiss the case, and the bankruptcy granted the motion to dismiss but retained jurisdiction over the Appellant's compensation. On April 3, 2007, the court entered an order denying the Appellant's request for compensation and ordering him to disgorge all fees, expenses and/or retainer paid by the Debtor. The disgorgement order found that the Appellant's services were of no benefit to the Debtor, and in some respects were harmful.

On May 16, 2007, the Debtor filed a certificate of noncompliance, stating that the Appellant had not complied with the disgorgement order. Specifically, the certificate stated that the Appellant had not paid any sums to the Debtor or been in contact with the Debtor's attorney. The court scheduled a hearing for June 5, 2007 on the certificate of noncompliance. The Appellant filed an emergency motion to continue the hearing, citing illness and attaching a doctor's note. On June 5, 2007, the court entered an order denying the motion to continue and stating that the Appellant had failed to comply with the disgorgement order or file an objection to the certificate of noncompliance. On June 6, 2007, the court entered an order again directing the Appellant to disgorge $400 to the Debtor (this time, within 3 days of entry of the order), and to pay $427.50 in fees to the Debtor's current attorney and a $500 sanction within 7 days of entry of the order.

On June 10, the Appellant filed a notice of appeal, seeking review of the bankruptcy court's June 5, 2007 order denying the Appellant's motion to continue and the June 6, 2007 order directing the Appellant again to disgorge $400 to the Debtor (the "June 6 Order"), to pay $427.50 to the Debtor's attorney, and to pay a $500 sanction. On June 17, 2007, the Appellant filed a motion for stay with the bankruptcy court. On June 19, 2007, the bankruptcy court granted in part the motion to stay, staying the $427.50 payment to the Debtor's attorney and the $500 sanction. The bankruptcy court denied the Appellant's request to stay the June 6 Order. The Appellant sought no stay from the Panel at that time.

On July 16, 2007, the Debtor filed a certificate of noncompliance, stating that the Appellant had not complied with the June 6 Order. The next day, the bankruptcy court scheduled a hearing for August 14, 2007 at 2:30 p.m. on the certificate of noncompliance. On August 9, 2007, the court issued an order to show cause, stating that the Appellant is ordered to appear at the August 14 hearing an show cause why sanctions, including monetary sanctions and/or incarceration, should not be imposed for failure to abide by the court's June 6, 2007 order requiring the disgorgement of $400 to the Debtor within three days of entry of the order. On August 13, the Appellant filed with the Panel an emergency motion for stay of the order on appeal.

Meanwhile, on July 17, 2007, the Panel issued a briefing order that directed the Appellant to file his brief on or before

August 1, 2007. The Appellant did not file his brief in accordance with the briefing order. Instead, on August 13, 2007, he filed a motion to extend the deadline, citing a chronic medical condition.

### JURISDICTION

■ The Panel has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 158(a) and (c) and Rule 8001–1(d)(1) of the Local Rules for the Bankruptcy Appellate Panel for the First Circuit. A single judge of the Panel has the authority to grant or deny a motion for stay pending appeal filed with the Panel. *See* Fed. R. Bankr.P. 8001.

### DISCUSSION

1st Cir. BAP R. 8011–1(c) provides that: A party requesting an expedited or emergency determination shall plainly title its motion as one for emergency or expedited relief; clearly setting forth a date or period within which it seeks such determination and requesting that the period for response be reduced to a specified date or period. The circumstances warranting emergency or expedited consideration shall be fully disclosed and explained by a *verified* statement of counsel accompanying the motion, or by the party if not represented by counsel. (Emphasis in original.)

The Appellant has failed to comply with any of the requirements of 1st Cir. BAP R. 8011–1(c). Moreover, as the bankruptcy court denied the Appellant's motion for stay of the June 6 Order nearly two months ago, it is clear that the only emergency here is of the Appellant's making. Nevertheless, the Panel will expeditiously determine the motion.

■ Implicit in Fed. R. Bankr.P. 8005 is the requirement that a motion for stay pending appeal be timely filed. *Trefny v. Bear Stearns Securities Corp. (In re MBM Investment Corp.)*, 243 B.R. 300, 310–11 (S.D.Tex.1999) (finding that appellant had not delayed in filing motion for stay pending appeal, and therefore motion was timely filed and appellant had not waived right to seek stay). Failure to timely file the motion can result in denial. *See id.* Here, the motion was not timely filed. The bankruptcy court denied the Appellant's request for stay of the June 6 Order on June 19, 2007. The Debtor filed the certificate of non-compliance on July 16, 2007, and the next day the court scheduled the August 14 hearing. The Appellant sat on his hands for two months. It appears that he now seeks an emergency stay only because he is confronted with the order to show cause. It is too late. As the Appellant has cited no just cause for his delay, the Panel will not entertain the motion at this late date. The motion is untimely, and it is **DENIED.**

The Panel is aware of the possibility that payment of the $400 may moot the appeal. However, that question is not before us at this time. Furthermore, any consequence arising from any payment that the Appellant may make would be attributable to his own failure to preserve his rights.

### CONCLUSION

The motion for stay is **DENIED** as untimely.